UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| STEVEN MILLER | ) | CIVIL ACTION NO. 13-705 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| TAKHAR COLLECTION SERVICES, LTD. | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Steven Miller ("Plaintiff") is a natural person who at all relevant times resided in the State of North Carolina, County of Rowen, and City of Spencer.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2).

6. Defendant Takhar Collection Services, Ltd. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal Columbia House DVD account (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. On December 21, 2012, Defendant placed a call to Plaintiff, and at such time, attempted to collect the Debt from Plaintiff.

13. The December 21, 2012 telephone call was Defendant's initial communication with Plaintiff.

14. Plaintiff, via his counsel, sent written correspondence dated January 15, 2013 to Defendant regarding reference number ending in 7418 ("Ref. No. 7418"), that stated, in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See January 15, 2013 Correspondence, attached as Exhibit A).

15. Defendant received Plaintiff's notice of representation letter on January 22, 2013 at 10:51 A.M. (See Delivery Confirmation, attached as Exhibit B).

16. Despite its knowledge that Plaintiff was represented by counsel, Defendant sent written communication dated April 22, 2013, regarding Ref. No. 7418, directly to Plaintiff, that provided the notices required by 15 U.S.C. § 1692g *et seq.* (See April 22, 2013 Correspondence, attached as Exhibit C).

17. Further, Defendant's April 22, 2013 communication stated as follows:

> Failure to pay this account or contact us within 30 days of the date of this letter will result in this account being reported to the Credit Bureau.

18. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its December 21, 2012 initial communication with Plaintiff, or in writing within 5 days thereafter, since Plaintiff did not receive the notices until Defendant's April 22, 2013 correspondence.

19. In the event any disclosures were meaningfully conveyed, they were overshadowed by the letter's demands for payment within the 30-day dispute period and threats to take further action if payment was not received.

20. Defendant's letter overshadowed and contradicted the disclosures since a consumer would be uncertain of the ending date of the 30-day period for disputing debt.

21. A least sophisticated consumer would calculate that the dispute notice needed to be mailed in advance of the 30-day deadline thus shortening the period during which a consumer could seek verification by requiring notice of dispute to be received, rather than merely mailed, within 30 days.

22. Further, Plaintiff's counsel did not consent to any direct communication with Plaintiff.

23. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt

4

to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, either in its December 21, 2012 initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

28. Plaintiff repeats and re-alleges each and every factual allegation contained above.

29. Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, in its April 22, 2013 initial written communication to Plaintiff, including, but not limited to: demanding payment within the thirty-day dispute period; and threatening to take further action if payment was not received.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

6

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff when Defendant has been notified by Plaintiff's attorney that he represents Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-115(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 27th day of August, 2013.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
***Weisberg & Meyers, LLC***
5025 N. Central Ave. #602
Phoenix, AZ 85012