IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
STEVEN MILLER,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )        1:13CV705
                                )
TAKHAR COLLECTION SERVICES,     )
LTD.,                           )
                                )
          Defendant.            )
```

**DEFAULT JUDGMENT**

This matter comes before the court on Plaintiff's Motion for Default Judgment against Defendant Takhar Collection Services, Ltd., of the Complaint (Doc. 7), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and it appearing from a review of the pleadings that the Complaint was duly served on Defendant Takhar Collection Services on September 4, 2013; that Defendant Takhar Collection Services failed to answer or otherwise respond to the Complaint; that default was entered against Defendant Takhar Collection Services on October 21, 2013; and that good cause exists for the entry of a default judgment against Defendant Takhar Collection Services.

This court further finds Plaintiff's request for relief, both in the form of statutory damages and attorney's fees, to be reasonable.

With respect to attorney's fees, 15 U.S.C. § 1692k(a)(3) states that "in the case of any successful action to enforce the foregoing liability, . . . a reasonable attorney's fee [shall be awarded] as determined by the court." 15 U.S.C. § 1692k(a)(3). When determining the amount of a reasonable award of attorneys' fees, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The Fourth Circuit has expressly stated "that § 1692k does not mandate a fee award in the lodestar amount," and that district courts have discretion "to depart from the lodestar in appropriate circumstances." Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629 (4th Cir. 1995). The Supreme Court has echoed "that the district court has discretion in determining the amount of a fee award." See Hensley, 461 U.S. at 437.

The Fourth Circuit has also adopted the twelve factors announced in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) ("Johnson factors"). See Barber v.

Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978)("[A]ny award must be accompanied by detailed findings of fact with regard to the factors considered."); see also Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008)(holding that courts should apply the Johnson factors when making a determination of the lodestar amount); Spell v. McDaniel, 824 F.2d 1380, 1402-03 (4th Cir. 1987).

Counsel has not submitted a worksheet reflecting the number of hours devoted to this matter. Nevertheless, after careful review, this court finds the attorney's fees requested to be reasonable in light of the work performed. This court further finds the filing fee as well as service by a process server for costs in the total amount of $445.00 to be reasonable.

Finally, in light of the violations alleged and the absence of any objection, this court finds that statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and in the amount of $4,000.00 pursuant N.C. Gen. Stat. § 58-70-130(b) reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Takhar Collection Services (Doc. 7) is **GRANTED** and that Judgment shall be entered in Plaintiff's favor and against Defendant Takhar Collection Services, Ltd., in

the amount of $7,612.50, representing damages in the amount of $1,000.00, in accordance with 15 U.S.C. § 1692k(a)(2)(A), damages in the amount of $4,000.00, in accordance with N.C. Gen. Stat. § 58-70-130(b), $2,167.50 in attorneys' fees and $445.00 for court costs in accordance with 15 U.S.C. § 1692k(a)(3), plus post-judgment interest at the legal rate.

This the 28th day of January, 2014.

_____
United States District Judge